IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAULINE K. FROMAN,<br>No. 23081-045,<br><br>        Petitioner,<br><br>vs.<br><br>WARDEN CROSS, and<br>WARDEN MEAD,<br><br>        Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL NO. 13-cv-00572-DRH<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      This matter is now before the Court relative to Petitioner Froman's request for emergency relief and, because of intertwined considerations, for preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.

      Petitioner Pauline K. Froman is currently incarcerated in the Greenville Federal Prison Camp, located within the Southern District of Illinois. Froman's Request for Emergency Injunctive Relief Pursuant to 28 U.S.C. § 2241 (Doc. 1) is construed as both a petition for writ of habeas corpus pursuant Section 2241, and a motion for emergency injunctive relief.[1] She challenges the prison administration's failure to place her in a Residential Reentry

---

[1] Although not specifically denominated as a petition, Froman's pleading adequately apprises Petitioners of the nature of her claims, the relief sought and the basis for jurisdiction, as required by Fed.R.Civ.P. 8(a). Consistant with Fed.R.Civ.P. 8(e), the pleading is deemed sufficient under Fed.R.Civ.P. 3 to commence this action.

Center ("RRC") or on home confinement for sufficient time to reintegrate into society, as contemplated by the Second Chance Act of 2007, 18 U.S.C. § 3624(c). Froman was initially slated for release as of May 29, 2013, but on May 20, 2013, she was informed the date had been moved back to October 6, 2013—less than a month before her projected November 1, 2013, release date. From Froman's perspective, her immediate release into home confinement is mandated under Section 3624(c), and if not mandated, required in order to give full effect to the statute's purpose.

### 1. Guiding Legal Standards

Froman's motion for emergency injunctive relief is effectively for a mandatory preliminary injunction which requires the non-moving party to take affirmative action. *See Graham v. Medical Mutual of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Such motions are viewed cautiously and are issued sparingly. *Id.* (citing *Jordan v. Wolke*, 593 F.2d 772, 774 (7th Cir. 1978)). "To obtain a preliminary injunction, the moving party must show '1) a reasonable likelihood of success on the merits, and 2) no adequate remedy at law and irreparable harm if preliminary relief is denied.'" *Graham*, 130 F.3d at 295 (quoting *Mil–Mar Shoe Co., Inc. v. Shonac Corp.*, 75 F.3d 1153, 1156 (7th Cir. 1996) (additional citations omitted)).

Relative to the preliminary review of the petition, Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994). A writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3624(c) (the Second Chance Act,) the Bureau of Prisons (BOP) has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months. Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.*

Section 3624(c)(2) further provides: "The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." *Id.*

In exercising its discretion under Section 3624(c), the BOP must make its decision on an individual basis, and in a manner consistent with 18 U.S.C. § 3621(b), in order to "provide the greatest likelihood of successful reintegration

into the community" 28 C.F.R. § 570.22. 18 U.S.C. § 3621(b) lists the following factors to be considered in the BOP's evaluation:

>   (1) the resources of the facility contemplated;
>
>   (2) the nature and circumstances of the offense;
>
>   (3) the history and characteristics of the prisoner;
>
>   (4) any statement by the court that imposed the sentence-
>
>>      (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>>      (B) recommending a type of penal or correctional facility as appropriate; and
>
>   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Under the Administrative Procedures Act, courts are empowered to "compel agency action unlawfully withheld or unreasonably delayed" and to "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. *See also Vasquez v. Strada,* 684 F.3d 431, 433 (3d Cir. 2012) (the Court's review of the BOP's RRC placement decision is limited to an abuse of discretion).

### 2. Analysis

#### a. Injunctive Relief

Relative to Petitioner's motion for an emergency mandatory preliminary injunction, time is of the essence. It appears that, at most, less than five months remain before Froman's latest projected release date. Each day that passes while she is incarcerated is a day that she cannot spend adjusting to and preparing for reentry into the community, as contemplated under 18 U.S.C. § 3624(c). Therefore, Froman easily establishes that there is no adequate remedy at law and irreparable harm will result if preliminary relief is denied. However, showing that she has a reasonable likelihood of success on the merits of her petition is a more difficult hurdle to clear.

The plain language of the Act establishes that inmates are not *entitled* to the full 12 months of placement in an RRC or the maximum period on home confinement. Section 3624(c)(1) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his term under conditions that will allow [her] to prepare and adjust for reentry into the community. *Id.* The language is discretionary, and there is simply no guarantee to placement for the maximum amount of time available.

Petitioner's assertion that limiting her maximum release window for home confinement to less than six months is contrary to the purpose of the statute ignores the very wording of Section 3634(b), which sets the longest release period at the shorter of ten percent of the term of imprisonment or six months. In Froman's case, because she was sentenced to 18 months of imprisonment, the ten

percent formula applies. Assuming that her projected release date is November 1, 2013,[2] her earliest release date for home confinement would be approximately September 6, 2013.

Because of the discretionary nature of Section 3624(c), the likelihood of success does not appear good, judging by the petition. There is no contention that the prison has not adhered to the considerations enumerated in Section 3621(b).

For these reasons, Petitioner's motion for an emergency mandatory preliminary injunction (Doc. 2) shall be **DENIED**. However, because time is of the essence, the Court will expedite this action.

### b. Preliminary Review

As suggested by the preceding analysis, the petition does satisfy the general pleading requirements. However, a few matters warrant comment.

First, the Court observes that <u>two</u> wardens are named respondents. The proper respondent in a Section 2241 petition is the petitioner's jailer. *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948–49 (7th Cir. 2006). Presumably, there is only one warden in charge of Greenville Prison Camp, but the dismissal of one of the two respondents can wait for another day.

More problematic is that the petition makes no mention of any attempt by Froman to exhaust administrative remedies. Administrative remedies should

---

[2] According to the BOP's website, Froman's projected release date is November 24, 2013, not November 1, 2013. www.bop.gov/iloc2/LocateInmate.jsp

have been exhausted *prior* to Froman filing this action. *See Sanchez v. Miller,* 792 F.2d 694, 697 (7th Cir.1986), *cert. denied,* 479 U.S. 1056 (1987); *Anderson v. Miller,* 772 F.2d 375, 376–77 (7th Cir.1985), *cert. denied,* 475 U.S. 1021 (1986). Although exhaustion is an affirmative defense, the unusual time constraints presented in this case warrant the Court addressing this issue now.

The Seventh Circuit notes that there is no statutory exhaustion requirement within Section 2241. *Gonzalez v. O'Connell,* 355 F.3d 1010, 1015–19 (7th Cir. 2004) (citing *James v. Walsh,* 308 F.3d 162, 167 (2d Cir. 2002)). However, "where Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan,* 503 U.S. 140, 144 (1992).[3]

The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542.10, *et seq*. An inmate must first "informally" present a complaint to staff for resolution. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response, he must file a BP–9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP–10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. § 542.15(a). If the matter is not resolved by the

---

[3] *McCarthy* has been superseded by the PLRA to the extent it held that federal prisoners seeking monetary damages in a Bivens action are not required under 42 U.S.C. § 1997e to exhaust administrative remedies provided by the Bureau of Prisons. However, *McCarthy's* principle that when exhaustion is not statutorily mandated, "sound judicial discretion governs" (503 U.S. at 144) remains good law, as does its further admonitions on how that discretion should be utilized. *See, e.g., Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 570–73 (5th Cir. 2001). *Gonzalez*, 355 F.3d 1010, 1016 n. 5.

regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP–11 must be filed within 30 days. *Id.*; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

Exhaustion may be excused when: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (internal quotations and citations omitted).

Rather than dismiss this action without prejudice to allow Petitioner to either amend the petition to reflect that she has exhausted available administrative remedies or to complete exhaustion, because time is of the essence in this particular situation, the Court finds that requiring exhaustion of administrative remedies at this juncture would prejudice Froman. Accordingly, the exhaustion requirement will be excused, subject to reconsideration for good cause—in the event the relevant dates are substantially different from those indicated in the petition and this Order.

An expedited response period will be prescribed and the usual referral to a magistrate judge for issuance of a report and recommendation will be bypassed.

### 3. Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Petitioner's motion for an emergency mandatory preliminary injunction (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that the petition has passed preliminary review under Rules 1 and 4 of the Rules Governing § 2254 Cases in United States District Courts and shall **PROCEED**.

**IT IS FURTHER ORDERED** that the requirement that Petitioner exhaust available administrative remedies is **EXCUSED**, subject to reconsideration for good cause shown.

**IT IS FURTHER ORDERED** that Respondents shall answer the petition on or before **July 3, 2013**. Consistent with Rule 5 of the Rules Governing § 2254 Cases in United States District Courts, the response shall include documentation reflecting the prison's decision regarding Froman's Second Chance Act release date(s). This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present.

**IT IS FURTHER ORDERED** that Petitioner shall file her reply, if any, on or before **July 17, 2013**.

The parties are **ADVISED** that, because time is of the essence in this action, extensions of prescribed deadlines will only be granted in exceptional circumstances.

The Clerk of Court is **DIRECTED** that service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service upon Respondents.

Petitioner is **ADVISED** of her continuing obligation to keep the Clerk (and Respondents) informed of any change in her whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 18, 2013**

David R. Herndon
2013.06.18
17:24:33 -05'00'

**Chief Judge**
**United States District Court**