IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAULINE K. FROMAN,
No. 23081-045,

Petitioner,

vs.                                                          NO. 13-cv-00572-DRH

WARDEN CROSS,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.   Introduction and Background

This matter is now before the Court relative to the petitioner's request for emergency relief (Doc. 1). The Court earlier, in its threshold review of the petition, considered petitioner's request and ordered an answer from respondent and a reply from petitioner (Doc. 4). In the Court's order, it denied Petitioner's motion for an emergency mandatory preliminary injunction (Doc. 2), excused the requirement that Petitioner exhaust available administrative remedies, subject to reconsideration, and allowed the petition to proceed. Respondent filed his response, arguing that the Court should deny Froman's petition due to her failure to exhaust her administrative remedies (Doc. 8). Froman filed a reply in opposition (Doc. 9).

Petitioner Pauline K. Froman is currently incarcerated in the Greenville Federal Prison Camp, located within the Southern District of Illinois.[1] The Court construed Froman's Request for Emergency Injunctive Relief Pursuant to 28 U.S.C. § 2241 (Doc. 1) as both a petition for writ of habeas corpus pursuant to Section 2241, and a motion for emergency injunctive relief.[2] She challenged the prison administration's failure to place her in a Residential Reentry Center ("RRC") or on home confinement for sufficient time to reintegrate into society, as contemplated by the Second Chance Act of 2007, 18 U.S.C. § 3624(c). Froman was initially slated for release as of May 29, 2013, but on May 20, 2013, she was informed the date had been moved back to October 6, 2013— she claimed less than a month before her projected November 1, 2013 release date.[3] From Froman's perspective, her immediate release into home confinement was mandated under Section 3624(c), and if not mandated, required in order to give full effect to the statute's purpose. Froman claims she did not understand that placement in an RRC *or* home confinement were two different alternatives.

Respondent argues that petitioner should have fulfilled the requirement to exhaust her administrative remedies before filing a petition for writ of habeas corpus. Contending that if petitioner had at least begun the administrative

---

[1] As Warden Cross is the custodian at FCI Greenville, he is the proper respondent. Accordingly, the Court dismisses Warden Mead from this action which petitioner concedes is the correct action.

[2] Although not specifically denominated as a petition, Froman's pleading adequately apprised the Court of the nature of her claims, the relief sought and the basis for jurisdiction, as required by Fed. R. Civ. P. 8(a). Consistent with Fed. R. Civ. P. 8(e), the pleading was deemed sufficient under Fed. R. Civ. P. 3 to commence this action.

[3] Petitioner's actual release date is November 24, 2013.

process in the weeks after she learned about the RRC placement decision and before she filed her petition, respondent argues that would have allowed the Bureau of Prisons ("BOP") the opportunity to review Froman's concerns and respond accordingly. Respondent concedes that Froman did not have sufficient time to fully appeal her grievance, but argues the lack of any attempt militates against granting an exception to the exhaustion principle.

## II. Standard

The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542.10, *et seq*. An inmate must first "informally" present a complaint to staff for resolution. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response, he or she must file a BP–9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP–10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. § 542.15(a). If the matter is not resolved by the regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP–11 must be filed within 30 days. *Id.*; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

A district court has discretion to excuse the exhaustion requirement when: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile

because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (internal quotations and citations omitted).

### III. Analysis

Petitioner claims that she does not have time to fully appeal her grievance through the administrative process, and therefore she has not made any attempt to grieve her claim through the BOP. Respondent argues that although the Court preliminarily found that Froman would be prejudiced by undertaking the administrative remedy process, the opposite is true.

Under 18 U.S.C. § 3621 (b), the BOP has broad discretion in determining the amount of time each inmate receives in either RRC or home confinement. The BOP is required to consider five factors in designating the inmate's recommendation:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence—
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Pursuant to 18 U.S.C. § 3624 (c) (the Second Chance Act):

> (1) The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner

> into the community. Such conditions may include a community correctional facility.
> (2) Home confinement authority.— The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

Petitioner was sentenced to 18 months' incarceration. Her projected release date is November 24, 2013, and her recommend release into home confinement is October 2, 2013, which is 10 percent of the term of her imprisonment. Petitioner asserts that she is entitled to a longer period of home confinement than the ten percent statutorily allotted to her simply because she claims she needs the extra time to assimilate into society. The Court finds that is not sufficiently persuasive to override the statutory requirements.

Here, Cesar Gomez, the residential reentry manager at the Kansas City Office through which Froman will be placed, reviewed Froman's petition for a writ of habeas corpus. Gomez stated that Froman's need for RRC was assessed based on the five factors of 18 U.S.C. § 3621(b). He considered her relatively short federal sentence, along with her strong family ties, a release residence, and financial resources. Gomez declared that he balanced Froman's need for placement with the limited available resources for RRC facilities. In recommending petitioner for the home confinement placement, he noted that inmates with a low or minimum security level are more appropriately placed in direct home confinement without a period of RRC placement first. The Court finds that this decision was not arbitrary or capricious, but firmly based on the proper statutory factors.

## IV. Conclusion

The Court finds that Froman should have met the administrative exhaustion requirement before she filed her petition for writ of habeas corpus. Notwithstanding, the Court reviewed the merits of Froman's claim and finds that the BOP gave full consideration to all of the requirements of the Second Chance Act and properly determined her placement in home confinement for the final ten percent of her sentence. Accordingly, the Court **DENIES** Froman's petition for writ of habeas corpus, and **DISMISSES** the case for petitioner's failure to exhaust her administrative remedies.

**IT IS SO ORDERED.**

Signed this 17th day of July, 2013.

Digitally signed by David R. Herndon
Date: 2013.07.17 16:51:12 -05'00'

**Chief Judge
United States District Court**